## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY LEE BROWN,** | : | **CIVIL ACTION NO. 1:06-CV-01881** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **LOUIS S. FOLINO,** | : | |
| **SUPERINTENDENT S.C.I AT** | : | |
| **GREENE COUNTY, PA,** | : | |
| **PA ATTORNEY GENERAL, and** | : | |
| **DISTRICT ATTORNEY OF** | : | |
| **LUZERNE COUNTY,** | : | |
| | : | |
| **Respondents.** | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Terry Brown ("Brown"), an inmate currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania.  (Doc. 1.)  Brown is challenging his state sentence in the Court of Common Pleas for Luzerne County ("Luzerne County trial court" or "trial court").  For the reasons that follow, the petition will be denied.

### I.    Statement of Facts

On June 11, 1998, before the Luzerne County trial court Brown entered a plea of guilty on charges of aggravated assault, robbery, assault by a prisoner, escape, theft by unlawful taking, terroristic threats, unlawful restraint, simple

assault, and recklessly endangering another person.[1]  At the plea hearing, Brown,

represented at the time by Thomas S. Cometa, Esquire, waived his right to

sentencing within sixty (60) days in light of a pending federal sentence on unrelated

charges.[2]  (Doc. 16 at 4.)  The trial court informed Brown that it would entertain a

motion to withdraw his guilty plea after Brown received his federal sentence.  (Id. at

3.)  Attorney Cometa and the district attorney agreed to recommend a sentence

which would run *concurrent rather than consecutive* to the federal sentence.  (Id.)

The trial court announced that it would defer ruling on the issue of consecutive

versus concurrent sentences pending the results of the federal sentencing.  (Id.)

On February 25, 1999, the United States District Court for the Middle District

of Pennsylvania sentenced Brown to a term of imprisonment of three hundred (300)

months, to run concurrently with Brown's 1995 Bradford County sentence.

Following several continuances, the Luzerne County sentencing hearing was held

on March 5, 1999.[3]  At the hearing, the trial court stated its intention to sentence

---

[1]  These charges stem from a January 8, 1998, assault upon a correctional
officer and escape attempt at the State Correctional Institution in Dallas,
Pennsylvania, where Brown was serving a 1995 sentence imposed by the Court of
Common Pleas for Bradford County, Pennsylvania.  (Doc. 16 at 8-11.)

[2]  This federal prosecution arose out of the same Bradford County incident
which resulted in Brown's 1995 state sentence (hereinafter "1995 Bradford County
sentence").  (Doc. 16-3 at 30).  The federal offenses from that incident included two
charges of possession of a firearm and ammunition by a felon, see 18 U.S.C. §§
922(g) & 924(a)(2).  (Doc. 16-3 at 29.)

[3]  In the interim, Brown's attorney was removed and conflict counsel,
Demetrius W. Fannick, Esquire, was appointed to represent Brown at sentencing.

Brown to a term of imprisonment *consecutive rather than concurrent* to any other

state or federal sentence.  In light of this development, the trial court also provided

Brown the option of withdrawing his guilty plea.  Thereafter, Brown elected to

withdraw his guilty plea and the matter was scheduled for trial.

On June 24, 1999, Brown reconsidered his decision to proceed to trial and,

once again, entered a plea of guilty to all the charges.[4]  The trial court then

sentenced Brown to a term of imprisonment for a period of not less than six (6)

years nor more than twelve (12) years, to run consecutive to any other state and

federal sentence being served by Brown.

Brown filed a timely, counseled notice of appeal in the Pennsylvania

Superior Court, raising the following issues:

> Is a court which participates in discussions and/or negotiations
> relative to a plea agreement which results in a guilty plea, bound to
> comply with the terms and conditions of that agreement?

> Is counsel ineffective in advising or permitting the Appellant to
> withdraw his guilty plea and in not insisting upon the counsel's
> compliance with a negotiated plea agreement?

(Doc. 16 at 44.)  The superior court affirmed the judgment of sentence, holding that

the failure of Brown's counsel[5] to include a statement required by Rule 1925(b) of

the Pennsylvania Rules of Appellate Procedure rendered all issues raised on appeal

waived.  <u>Commonwealth v. Brown</u>, 764 A.2d 1119 (Pa. Super. Ct. 2000) (mem.).

---

[4] Attorney Fannick represented Brown at this proceeding.

[5] Attorney Fannick was removed after filing the initial notice of appeal, and
Peter J. Savage, Esquire, was appointed as counsel.

3

Thereafter, Brown was appointed new counsel, Brian Corcoran, Esquire, who filed a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), in the trial court seeking reinstatement of Brown's direct appeal rights *nunc pro tunc*. On January 4, 2001, the trial court granted the PCRA petition, reinstating Brown's direct appeal rights. The trial court also appointed new counsel, Joseph M. Cosgrove, Esquire. In the interim, Brown filed a *pro se* brief in the superior court with respect to his direct appeal. The superior court directed Attorney Cosgrove to file an amended brief, which raised the following issues:

> I. Appellant was denied his right under the Interstate Agreement on Detainers Act not to be returned to federal custody prior to full disposition of the present matter, thus requiring reversal of the present conviction and discharge of Appellant.
>
> II. The confusion surrounding entry of Appellant's plea of guilty either: (A) entitle [sic] him to the benefit of his perceived bargain concerning a concurrent sentence; or (B) render [sic] said plea constitutionally infirm in that it was not knowingly and voluntarily entered.
>
> III. Appellant was denied effective assistance of counsel: (A) in the failure of counsel to raise the issue of the violation of the Interstate Agreement on Detainers prior to Appellant's sentence; and (B) in the failure of trial counsel to explore and raise the question of the voluntariness of Appellant's guilt plea, and/or his entitlement to the benefit of his perceived plea agreement.

(Doc. 16-3 at 2.)

Upon consideration of the brief filed by counsel only,[6] the superior court affirmed the judgment of sentence. <u>Commonwealth v. Brown</u>, 808 A.2d 242 (Pa. Super. Ct. 2002) (mem.). Brown then filed a counseled petition for allowance of appeal in the Supreme Court of Pennsylvania. The supreme court denied the appeal on December 18, 2002. <u>Commonwealth v. Brown</u>, 813 A.2d 836 (Pa. 2002) (mem.).

On July 18, 2003, Brown filed a *pro se* PCRA petition, subsequently amended on February 17, 2004. Brown raised the following issues:

A. Petitioner was denied his state and federal constitutional rights to due process; interstate agreement on detainers and effective assistance of counsels Thomas Cometa and Demetrius Fannick.

B. Petitioner was denied his state and federal constitutional rights to due process during the June 24, 1999 pretrial conference hearing and sentencing, all on June 24, 1999.

C. Petitioner was denied his state and federal constitutional rights to due process and effective assistance of appellate counsels Peter Savage, Brian Corcoran and Joseph Cosgrove.

(Doc. 16-4 at 31; Doc. 16-7 at 47.)

The Luzerne County Court of Common Pleas, now serving as the PCRA court, conducted a PCRA hearing on October 18, 2004, with John B. Pike, Esquire, appointed to represent Brown. (Doc. 16-5 at 1-6.) That same day the PCRA court denied the PCRA petition. (<u>Id.</u> at 5.) Thereafter, Attorney Pike was permitted to

---

[6] The court noted that "where there is hybrid representation, this Court will only consider the brief filed by counsel. <u>Commonwealth v. Pursell</u>, 555 Pa. 233, 250-51, 724 A.2d 293, 301-02 (1999)." (Doc. 16-4 at 3.)

withdraw, and the PCRA court appointed Stephen A. Menn, Esquire to represent

Brown on appeal.  Brown, however, requested Attorney Menn's termination and

permission to proceed *pro se*.  Attorney Menn was removed, and Brown filed a

timely *pro se* notice of appeal.  Brown's appeal was denied by the superior court on

October 13, 2005.  Commonwealth v. Brown, 889 A.2d 110 (Pa. Super. Ct. 2005)

(mem.).  Thereafter, Brown filed a motion for reconsideration which was also

denied.  Brown then filed a timely *pro se* petition for allowance of appeal.  The

supreme court denied allocatur on July 19, 2006.  Commonwealth v. Brown, 903

A.2d 536 (Pa. 2006) (mem.).

Brown filed the instant federal habeas petition on September 25, 2006.  (Doc.

1.)  The petition is now ripe for disposition.

## II.   Claims Presented in Federal Petition

In the instant petition, Brown raises claims of trial court error and ineffective

assistance of trial and appellate counsel with respect to his guilty plea entered on

June 24, 1999.[7]

---

[7]  Brown also contends that his June 24, 1999 sentencing was conducted in
violation of former Pennsylvania Rule of Criminal Procedure 1405 (requiring that
sentencing take place within 60 days of a guilty plea).  This argument was neither
presented to nor addressed by the state courts.  Moreover, the record reflects that on
June 11, 1998, Brown unequivocally waived his right to sentencing within 60
days.  (Doc. 16 at 15.)  Brown again waived that right in subsequent trial court
proceedings on September 1, 1998, (Doc. 16 at 17), and February 2, 1999, (Doc. 16 at
21).  The court subsequently permitted Brown to withdraw his guilty plea.  It was
not until June 24, 1999, that the trial court accepted Brown's renewed guilty plea
after a final colloquy.  The court sentenced him that same day.   Thus, Brown's Rule
1405 argument is meritless.

6

A.    **Trial Court Error - Validity of Guilty Plea**

Brown claims that the trial court denied him the right to due process when it

sentenced him on June 24, 1999.  Specifically, he argues that the trial court

improperly refused to enter his plea of not guilty on that date.  He asserts that the

court manufactured "its own . . . plea agreement" without consulting counsel or

Brown.  (Doc. 2 at 14.)  He contends that he did not understand or agree to this

"plea agreement," and that his guilty plea was not knowingly or intelligently

entered.  The relevant portions of the transcript of the June 24, 1999, proceeding

belie Brown's contentions:

| | |
|---|---|
| The court: | It is my understanding that your client now wishes to enter a plea of guilty; is that correct? |
| Mr. Fannick: | That is my understanding, yes. |
| The court: | Mr. Brown, Mr. Fannick has in front of him a guilty plea questionnaire, did you read that questionnaire? |
| [Brown]: | Yes. |
| The court: | Can you read, write, and understand the English language? |
| [Brown]: | Yes. |
| The court: | Has anyone forced or threatened you to answer any of those questions? |
| [Brown]: | No. |
| The court: | Are you currently under the influence of any drugs or alcohol? |
| [Brown]: | No. |

| | |
|---|---|
| The court: | Are you suffering from any type of mental illness? |
| [Brown]: | No. |
| The court: | Are you under any kind of prescription medication? |
| [Brown]: | No. |
| The court: | Anything affecting your judgment here today? |
| [Brown]: | No. |
| The court: | The whole purpose of this colloquy is to make sure that you understand the nature of the charges that are [sic] you pleading guilty to and what the sentencing ranges are to those charges; and that you're making this plea knowingly and intelligently, freely and voluntarily, and that no one is forcing or threatening you to enter the plea today.  Do you understand that? |
| [Brown]: | Yes. |
| The court: | The questions that you read, did you answer them? |
| [Brown]: | Yes. |
| The court: | And were they truthful? |
| [Brown]: | Yes. |
| The court: | And did anybody force you or threaten you to answer those questions? |
| [Brown]: | No. |

* * *

[District attorney reads into the record the fifteen (15) count information relating to events occurring on January 8, 1998.]

| The court: | Do you wish to enter a plea pursuant to the information that the District Attorney just read? |

[Brown]:          I plead guilty June 11th.

The court:      I just asked you - I don't care what you did before. I'm asking you today do you wish to plead guilty to the charges on the information that the District Attorney just read.  Anything you've done prior, I allowed you to withdraw.  And in my mind, we're starting over fresh here today and you filled out a guilty plea questionnaire.  And all I want to know is if you plead guilty to that information?

[Brown]:          Not without the plea we had last year.

The court:      Pull it off.

[Brown]:          I was informed –

The court:      You have counsel there.  You can talk to him.

(Discussion off the record.)

Mr. Fannick:    Your Honor, just for clarification purposes, and perhaps this will straighten things out in Mr. Brown's mind.  For the record, he has filled out, as I'm reviewing it, he has completed the guilty plea questionnaire and he has answered several questions as far as promises been made to him and so forth.  And he has answered those questions as if this is his original guilty plea, and his understanding was the original guilty plea was still in effect.

* * *

The court:      I will sentence him to a 6 year minimum to a 12 year maximum and consecutive to any state sentence he is serving *and I will not run it concurrent [to the federal sentence].*  I will put it on the record prior to sentencing.

9

Mr. Fannick:  That has been explained to Mr. Brown that as we were in court the last time, that is not your intention to run the sentence concurrent.

* * *

He wants to make sure that is the understanding and I told him put it on the record, as you have also now placed continue on the record and I believe that will straighten things out.

The court:  My question is: Do you wish to enter a plea of guilty pursuant to the information that the District Attorney identified?

[Brown]:  Yes.

The court:  The Court will accept the information.  The Court will accept the guilty plea colloquy.  It will become part of the record?
The Court will accept [Brown's] plea of guilty.  The Court will put on the record after going through the written colloquy and oral colloquy, Court feels that it was made knowingly and intelligently plea and no one is forcing or threatening the defendant.  Furthermore, [Brown] knows what my sentence is going to be.  He knows what the range of sentences is going to be and he is not under the influence of drugs or alcohol and the Court accepts the plea.

* * *

[T]he sentence is going to be a 6-year minimum to a 12-year maximum and that will be on the aggravated, the most serious charge.  This sentence – so the record is clear, is a state sentence to be served at a state correctional facility and this sentence is to run consecutive and not concurrent to any state sentence is he serving, whatever they are.

(Doc. 16 at 31-32) (emphasis added).  Brown argues that the above-cited record

confirms that he did not wish to enter a guilty plea at that time.  In fact, Brown

claims that the trial court coerced him into entering a guilty plea by not honoring

the previously negotiated plea agreement and refusing to accept his plea of not

guilty.  (Doc. 2 at 17) ("Even though petitioner did not want to plead guilty, . . . he

feared that he had to plead guilty because of the power of the court . . . .") The

superior court addressed this issue as follows:

> This claim is based on the alleged confusion surrounding his perceived
> bargain for a concurrent sentence.  "The determination of whether the
> defendant understood the connotations of the plea and its
> consequences is made by an examination of the totality of the
> circumstances surrounding the plea." [Commonwealth v. Lloyd, 509
> A.2d 868 (Pa. Super. 1986).]  Specifically, to determine the
> voluntariness of a defendant's guilty plea, the trial court must inquire
> into the following six areas:
>
> > (1) Does the defendant understand the nature of the charges to
> > which he is pleading guilty?
> > (2) Is there a factual basis for the plea?
> > (3) Does the defendant understand that he has a right to a trial
> > by jury?
> > (4) Does the defendant understand that he is presumed
> > innocent until he is found guilty?
> > (5) Is the defendant aware of the permissible ranges of
> > sentences and/or fines for the offenses charged?
> > (6) Is the defendant aware that the judge is not bound by the
> > terms of any plea agreement tendered unless the judge accepts
> > such agreement?
>
> Commonwealth v. Hallock, 722 A.2d 180, 182 (Pa. Super. 1998).  We
> note that a written guilty plea colloquy may be used to inform the
> defendant of the six mandatory areas of a guilty plea colloquy, as long
> as the written form is supplemented by some on-the-record
> examination of the defendant.  See Comment, Pa. R. Crim. P. 590.

During the June 11, 1998 oral guilty plea colloquy, the sentencing judge did not indicate whether Brown's sentence would run consecutive or concurrent, but assured Brown that when he did impose a sentence, Brown had the right to withdraw his plea. See N.T., 6/11/98, at 4. As a result of Brown's pending federal sentence, his sentence in the instant matter had to be postponed on several occasions. Finally, in the June 24, 1999 oral guilty plea colloquy before sentencing, the sentencing judge stated the following:

> [T]he sentence is going to be a 6-year minimum to a 12-year maximum and that will be on the aggravated, the most serious charge. This sentence – so the record is clear, is a state sentence to be served at a state correctional facility and this sentence is to run consecutive and not concurrent to any state sentence is he serving, whatever they are. This Court is not aware of all of them, whatever they are it is to run consecutive to those and not concurrent.

N.T., 6/24/99, at 8.

In this guilty plea colloquy, the sentencing judge also addressed the nature of the charges to which Brown was pleading, the factual basis for the charges, and the permissible ranges of sentences and/or fines for the offenses charged. N.T., 6/24/99, at 4-7. Brown's answers to the written guilty plea colloquy indicate that he understood that he had an absolute right to a jury trial, and that he was presumed to be innocent until pleading guilty. See Written Guilty Plea Colloquy, 6/24/99, at 3.

Brown asserts that due to the confusion surrounding entry of his guilty plea, his constitutional rights were violated. However, the record evinces that Brown had been fully informed of the possibility of a consecutive sentence. The March 5, 1999 proceedings marked the sentencing judge's decision to run the sentences consecutive to one another. At that time, he allowed Brown to withdraw his plea.

Yet on June 24, 1999, Brown ultimately entered his guilty plea, aware of the consecutive sentence, in a knowing and voluntary fashion. In fact, the sentencing judge warned Brown that there was no plea agreement that required a concurrent sentence. Brown made no objections following the sentencing judge's imposition of sentence. In this final colloquy, the record reveals that Brown knowingly and voluntarily agreed to the sentence. N.T., 6/24/99, at 7. We therefore conclude that this claim is without merit.

(Doc. 16-4 at 4-7.)

The court finds that this claim has been fully exhausted and it will be addressed on the merits.

### B.    Ineffective Assistance of Counsel

Brown also sets forth two ineffective assistance of counsel claims, the first asserting claims against trial counsel and the second asserting claims against appellate counsel.[8]  Specifically, the first claim challenges whether two of Brown's attorneys, Cometa and Fannick, were ineffective at the June 11, 1998, and June 24, 1999, plea hearings, respectively, for failing to object when the trial court refused purportedly to accept Brown's plea of not guilty.

In its July 24, 2002, opinion, the superior court set forth the standard for addressing an ineffectiveness of counsel claim under state law.  However, the court declined to address Brown's ineffective assistance claim because it found no merit to Brown's underlying claim that his guilty plea was not entered knowingly or intelligently.  (See Doc. 16-4 at 8 (citing Commonwealth v. Edwards, 752 A.2d 382

---

[8]  Brown claims his PCRA counsel, John Pike, was also ineffective for failing to raise a challenge to the validity of his guilty plea.  Under 28 U.S.C. § 2254(i), Brown is barred from raising such a claim in the instant petition.  See § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"); see also Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) ("Ineffectiveness of counsel does not provide significant cause to excuse procedural default when counsel is not constitutionally mandated"); Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (quoting Coleman v. Thompson, 501 U.S. 722, 752) (1991)(no constitutional right to counsel at the PCRA level of appeal)).

(Pa. Super. Ct. 2000) (holding that trial counsel cannot be deemed ineffective for failure to bring a claim that is without merit)); see also *supra* pp. 10-11.)

In his second ineffective assistance claim, Brown argues that his appellate counsel failed to provide meaningful representation by refusing to present to the appellate courts Brown's desired issues for appeal.  In its October 13, 2005 opinion, the superior court addressed the issue of ineffective assistance of direct appeal and PCRA counsel together as follows:

> [T]he central theme of [Brown's] issues, although implied rather than expressed in his first claim [relating to ineffectiveness of PCRA counsel], concerns [Brown's] dissatisfaction with the 6 to 12 year sentence imposed consecutively to the sentence he was already serving.  Stated another way, [Brown] contests the voluntariness of his guilty plea which, he argues, was conditioned on the expectation of a concurrent sentence raised by the trial court's acquiescence.
>
> * * *
>
> [Brown] complains of counsel's ineffectiveness with respect to the PCRA petition filed after his reinstated appeal failed to result in relief.  The basis for this contention is that at the hearing on the petition counsel failed to argue the theory [Brown] espouses about his guilty plea/sentence, and failed to call witnesses to establish its *bona fides*.  Despite presentation of his claim as a subspecies of ineffectiveness, its substance remains unaltered, and his remaining claims are similarly single minded in focus.  However, any challenge to the validity of [Brown's] plea has been previously litigated and finally resolved by this Court in a manner adverse to [Brown], who is therefore ineligible for post conviction relief.  42 Pa. C.S.A. § 9543(a)(3).  He may not, therefore, obtain relief by alleging ineffectiveness of counsel, or any other new theory to support the previously decided claim.  Commonwealth v. Miller, 746 A.2d 592, 602 n.9 (Pa. 2000); 42 Pa. C.S.A. § 9544(a)(2).

(Id. at 43-44.)

The court finds that these claims have been fully exhausted and they will be addressed on the merits.

14

### III.   **Discussion**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-499 (1973).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-8 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>see</u> <u>also</u> <u>Estelle</u>, 502 U.S. at 68; <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 109 (3d Cir. 1997).

### A.   **Habeas Exhaustion Requirements**

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  <u>See</u> 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded in principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  <u>See</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).  Respect for the state court system requires that the petitioner

demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989).  Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits.  Id.

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989).  Although deemed exhausted, such claims are considered procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 749 (1991); McCandless, 172 F.3d at 260; Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims.  See McCandless, 172 F.3d at 260; Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).  To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  To demonstrate actual prejudice, the petitioner must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial

16

disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

Respondents generally argue that some of the claims were not previously presented to the state courts, but provided no specifics. (Doc. 10 at 1.) Rather, respondents squarely address the merits of the claims under 28 U.S.C. § 2254(d). Accordingly, the court will proceed to the merits of each claim, having rejected respondents' tenuous failure to exhaust argument.

## B.   **Habeas Claims**

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

17

28 U.S.C. § 2254(d).  To establish that the decision was "contrary to" federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate the Supreme Court precedent requires the contrary outcome."  <u>Matteo v. Superintedent</u>, 171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent."  <u>Id.</u>

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct.  A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); <u>Matteo</u>, 171 F.3d at 888; <u>Thomas v. Varner</u>, 428 F.3d 492, 497-98 (3d Cir. 2005).  This presumption of correctness applies to both explicit and implicit findings of fact.  <u>Campbell v. Vaughn</u>, 209 F.3d 280, 286 (3d Cir. 2000).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings."  <u>Mastracchio v. Vose</u>, 274 F.3d 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the

evidence in the record.  28 U.S.C. § 2254(d)(2); <u>Porter v. Horn</u>, 276 F. Supp. 2d 278,

296 (E.D. Pa. 2003); <u>see also</u> <u>Torres v. Prunty</u>, 223 F.3d 1103, 1107-08 (9th Cir. 2000);

<u>cf.</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 316 (1979).  "This provision essentially requires

the district court to step into the shoes of an appellate tribunal, examining the

record below to ascertain whether sufficient evidence existed to support the

findings of fact material to the conviction."  <u>Breighner v. Chesney</u>, 301 F. Supp. 2d

354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[9]).  Mere disagreement

with an inferential leap or credibility judgment of the state court is insufficient to

permit relief.  <u>Porter</u>, 276 F. Supp. 2d at 296; <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S.

362, 408-09 (2000); <u>Hurtado v. Tucker</u>, 245 F.3d 7, 16 (1st Cir. 2001).  Only when the

finding lacks evidentiary support in the state court record or is plainly controverted

by evidence therein should the federal habeas court overturn a state court's factual

determination.  <u>Porter</u>, 276 F. Supp. 2d at 296; <u>see also</u> <u>Williams</u>, 529 U.S. at 408-09.

### 1.    Trial Court Error - Validity of Guilty Plea

Brown's claim of trial court error involves a deprivation of his constitutional

right to due process of law.  Due process requires that a defendant's plea be

knowing and voluntary.  <u>Bousley v. United States</u>, 523 U.S. 614, 618 (1998); <u>Brady v.</u>

<u>United States</u>, 397 U.S. 742, 748 (1970); <u>Boykin v. Alabama</u>, 395 U.S. 238, 240 (1969).

---

[9]  "If the applicant challenges the sufficiency of the evidence adduced in such
State court proceeding to support the State court's determination of a factual issue
made therein, the applicant, if able, shall produce that part of the record pertinent
to a determination of the sufficiency of the evidence to support such
determination."  28 U.S.C. § 2254(f).

A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady, 397 U.S. at 748)).  The plea is knowing and intelligent where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel.  Brady, 397 U.S. at 756.

Most judges utilize a written or verbal plea colloquy to assure the intelligent, voluntary nature of a plea.  The colloquy is confirmed on the record, in the presence of the judge, the defendant and counsel.  At a minimum, the colloquy establishes that the defendant understands the right to a jury trial, the nature of the offense(s) for which he is charged, and the permissible sentence range for the offense(s).  Boykin, 395 U.S. at 244 n.7.  However, the "'ritual of the colloquy is but a means toward determining whether the plea was voluntary and knowing' and that 'the failure to specifically articulate the Boykin rights does not carry the day . . . if the circumstances otherwise establish the plea was constitutionally acceptable.'"  Layne v. Moore, 90 Fed. Appx. 418, 422 (3d Cir. 2004) (quoting United States v. Stewart, 977 F.2d 81, 84-85 (3d Cir. 1992)).

In the instant case, it is Brown's position that the

[t]rial court in this matter on June 24, 1999, violated petitioner's due process rights by making its own on record plea agreement in which trial court stated it would run petitioner's sentence consecutive to only his four (4) state sentences, not to his federal sentence.  The trial court

then violated its agreement by refusing to state on record
'concurrently with petitioner's federal sentence.'

(Doc. 2 at 21.)  In essence, Brown is claiming that the trial court erred in not

running his state sentence concurrent to his federal sentence.  As a result of this

error, Brown claims that his June 24, 1999, guilty plea was not intelligent and

voluntary.  The court concludes that this claim is without merit.

The superior court reviewed the record and concluded that there was

nothing to suggest that Brown did not knowingly or voluntarily enter a guilty plea.

Specifically, the court noted that, prior to accepting Brown's guilty plea and

sentencing him on June 24, 1999, the trial court asked Brown a series of questions

to ensure that Brown suffered from no mental illness, had not consumed any

alcohol or drugs prior to entering the plea, and was not being forced to enter his

plea by any outside influence.  The trial court also verified that Brown understood

the nature of the charges against him.  More importantly, on multiple occasions, the

trial court clearly indicated its intention to impose a consecutive sentence.  See e.g.

Doc. 16 at 6 ("I'd have to make it consecutive to any sentence he's currently

serving." March 5, 1999 proceedings); Doc. 16 at 31 ("I will sentence him to a 6 year

minimum to a 12 year maximum and consecutive to any state sentence he is

serving." June 24, 1999 proceedings) (emphasis supplied).  The trial court also

confirmed that no prior plea agreement would be binding.

Brown affirmatively stated that he understood the information identified by

the district attorney and wished to plead guilty to the charges therein.  The trial

21

court accepted the plea and declared that it was made knowingly and voluntarily. It then imposed the sentence precisely as it was represented to Brown.  Id. at 32. The transcripts of the plea on June 24, 1999, support the trial court's finding.  Based on the above, the superior court concluded that "[i]n this final colloquy, the record reveals that Brown knowingly and voluntarily agreed to the sentence. . . .  We therefore conclude that this claim is without merit."  (Doc. 16-4 at 7.)

After reviewing the record, the court cannot find that the superior court's decision, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified.  See Matteo, 171 F.3d at 891.  The law relied upon by the superior court in reaching its holding was in accordance with Supreme Court precedent.  There is nothing to suggest that this law was applied unreasonably, or that the decision was based on an unreasonable determination of the facts. Accordingly, habeas relief on this ground will be denied.

## 2.   Ineffective Assistance of Counsel

Brown claims that trial counsel was ineffective for failing to object when the trial court refused to accept Brown's plea of not guilty.  He also claims that his appellate counsel was ineffective for failing to challenge the validity of his guilty plea on appeal.  The court concludes that these claims are without merit.

To sustain a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient and that this deficient performance prejudiced his or her defense.  See Strickland v. Washington, 466 U.S.

668, 687 (1984).[10]  In evaluating whether counsel's performance was deficient, the

court must defer to counsel's tactical decisions, avoiding "the distorting effects of

hindsight," and give counsel the benefit of a strong presumption of reasonableness.

See id. at 689; Gov't of the Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir.

1996).  When challenging counsel's ineffectiveness in the context of a guilty plea, the

petitioner, in order to satisfy Strickland's prejudice requirement, "must show that

there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S.

52, 59 (1985).

        With regard to Brown's claim of trial counsel's ineffective assistance for

failing to object to the trial court's acceptance of his guilty plea, Brown, in effect,

restates his argument that the trial court acted improperly and in violation of a pre-

existing plea agreement, giving Brown a sentence that is concurrent rather than a

consecutive to his existing federal sentence.  Brown argues that by refusing to

honor that agreement, the trial court coerced Brown into pleading guilty on

June 24, 1999.  In addition to contending that trial counsel should have objected,

Brown claims that appellate counsel should have raised this issue on appeal.

        In its July 24, 2002, opinion, the superior court first reviewed the record and

determined that there was nothing to suggest that Brown's guilty plea of June 24,

---

        [10]  The performance and prejudice prongs of Strickland may be addressed in
either order, and, "[i]f it is easier to dispose of an ineffectiveness claim on the
ground or lack of sufficient prejudice . . . that course should be followed."
Strickland, 466 U.S. at 697.

1999, was not a valid, knowing and voluntary plea. <u>See</u> discussion *supra* Part
III.B.1. In addressing the ineffectiveness claim, the court found that "Brown's
ineffectiveness of counsel argument is anchored in the aforementioned claim[ ]
of . . . failure to protect him from entering a guilty plea which was not knowingly
and understandingly tendered." (Doc. 16-4 at 8.) Because the court already
determined this claim to be without merit, it concluded that Brown's counsel could
not be considered ineffective for failing to assert a meritless claim. (<u>Id.</u>) (citing
<u>Commonwealth v. Edwards</u>, 752 A.2d 382 (Pa. Super. Ct. 2000) (holding that trial
counsel cannot be deemed ineffective for failure to bring a claim that is without
merit)). In its second PCRA opinion, the superior court determined that any
challenge to the validity of Brown's guilty plea had been previously litigated and
finally resolved by the court, and therefore Brown was again ineligible for PCRA
relief. (Doc. 16-7 at 44.) The court concluded that Brown was unable to advance
any ineffective assistance claim - trial counsel or appellate counsel - based on an
underlying claim previously decided in a manner adverse to Brown. (<u>Id.</u>)

The court finds that the state court correctly applied the standards
established in <u>Strickland</u>, and reasonably determined that Brown's trial and direct
appellate counsel were not ineffective in their representation of Brown at both plea
colloquies and sentencing. The court finds that Brown has not demonstrated that
the superior court's decision resulted in an outcome that cannot be reasonable
justified, that the law was applied unreasonably, or that the decision was based on
an unreasonable application of the facts. Accordingly, Brown's request for habeas

relief on the ground of ineffective assistance of trial and appellate counsel will also be denied.

IV.    **Conclusion**

Based on the foregoing determination that Brown's claims are without merit, the petition for writ of habeas corpus (Doc. 1) will be denied.

An appropriate order will issue.



  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      March 7, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRY LEE BROWN,** | : | **CIVIL ACTION NO. 1:06-CV-01881** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **LOUIS S. FOLINO,** | : | |
| **SUPERINTENDENT S.C.I AT** | : | |
| **GREENE COUNTY, PA,** | : | |
| **PA ATTORNEY GENERAL, and** | : | |
| **DISTRICT ATTORNEY OF** | : | |
| **LUZERNE COUNTY,** | : | |
| | : | |
| **Respondents.** | : | |

## <u>ORDER</u>

AND NOW, this 7th day of March, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.    The petition for writ of habeas corpus (Doc. 1) is DENIED.

2.    The Clerk of Court is directed to CLOSE this case.

3.    There is no basis for the issuance of a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c).

   S/ Christopher C. Conner   
CHRISTOPHER C. CONNER
United States District Judge